**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ASTELLAS PHARMA INC., ASTELLAS IRELAND CO., LTD., ASTELLAS PHARMA US, INC., and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 23-cv-689-JFB-CJB |
| v. | ) ) | |
| MSN PHARMACEUTICALS INC. and MSN LABORATORIES PRIVATE LIMITED, | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' OPENING LETTER BRIEF IN SUPPORT OF THEIR MOTION TO STAY PENDING RESOLUTION OF MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Dated: November 29, 2023

OF COUNSEL:

Simon D. Roberts
Jason A. Leonard
Jayita Guhaniyogi
Vincent Li
MCDERMOTT WILL & EMERY
One Vanderbilt Avenue
New York, NY 10017-3852
simonroberts@mwe.com
jleonard@mwe.com
jguhaniyogi@mwe.com
vli@mwe.com

Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc.*

ME1 46861897v.1

Dear Judge Burke:

  We write on behalf of Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc. (collectively, "Plaintiffs") to request that the Court enter an Order staying this patent litigation and ordering the preservation of evidence pending disposition of Plaintiffs' pending motion to enforce settlement agreement (D.I. 17). As explained below, this litigation just started, with no case schedule in place and no discovery having occurred. More importantly, this case should already be over and neither the parties nor the Court should be required to expend any more resources to resolve it. But as explained in Plaintiffs' motion to enforce settlement agreement, MSN Pharmaceuticals Inc. and MSN Laboratories Pvt. Ltd. (collectively, "Defendants") refuse to abide by the settlement they voluntarily entered into, and now insist the parties (and the Court) expend additional resources to litigate the case. If required to do so, Plaintiffs will be unduly prejudiced by having to spend time and resources on a case that has been settled. By contrast, Defendants recently provided their Notice Letter in May and have given us no indication that they are nearing FDA approval anytime soon. Accordingly, the Court should stay discovery in this case pending resolution of Plaintiffs' motion to enforce settlement agreement. In the interim, the parties should meet and confer regarding the preservation of evidence during the stay period, including on the issue of ensuring Plaintiffs' opportunity to test representative samples of Defendants' 25 mg and 50 mg strengths of mirabegron extended-release tablets that are the subject of ANDA No. 218543 prior to their expiration.

## I. Background

  Plaintiffs filed this action on June 23, 2023. (D.I. 1). Defendants recently filed their Answer to the Complaint, on October 30, 2023 (D.I. 12), after having sought an extension to settle the case. *See* (D.I. 11); *see also* (D.I. 18), Ex. B, *Email from Bradford Frese* (Aug. 18, 2023) (requesting an extension to file MSN's Answer on the basis that the parties were "involved in active settlement discussions" and that MSN hoped "to come to a reasonable resolution of this matter prior to MSN answering the complaint"). On November 10, 2023, Plaintiffs filed a motion to enforce the settlement agreement entered into by the parties on October 11, 2023. (D.I. 17). The parties met and conferred on Nov. 21, 2023 concerning this motion, and Defendants indicated they would oppose the motion.

## II. Argument

  The Third Circuit has endorsed staying litigation when a pending dispositive motion may obviate the need for discovery. *See, e.g.*, *Mann v. Brenner*, 375 Fed. App'x. 232, 239 (3d Cir. 2010) (affirming stay of discovery "while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile"). When weighing whether to grant a stay of discovery when a dispositive motion is pending, courts in this District consider the following three factors:

> (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage.

*Bataan Licensing LLC v. DentalEZ, Inc.*, 2023 WL 143991, at *1 (D. Del. Jan. 10, 2023) (granting stay when pending motion to dismiss could resolve the case); *see Kaavo Inc. v. Cognizant Tech. Solutions Corp.*, 2015 WL 1737476, at *1 (D Del Apr. 9, 2015) (same three factors weighed in

favor of granting stay while motion to dismiss was pending). In this case, all three factors weigh strongly in favor of granting a stay pending resolution of Plaintiffs' motion to enforce settlement agreement.

### A. Simplification of Issues for Trial

"A motion to enforce a settlement agreement is case-dispositive," and, indeed, the pending motion seeks to dispose of this case in its entirety for all parties involved. *See Somaxon Pharmas., Inc. v. Actavis Elizabeth LLC*, 2020 WL 3470471, at *2 (D. Del. June 25, 2020). The "simplification of issues" factor, therefore, weighs in favor of a stay. *See Bataan*, 2023 WL 143991, at *1; *accord Hardney v. ABC Phones of N.C.*, 2020 U.S. Dist. LEXIS 79877, at *2 (E.D.N.C. May 4, 2020) (granting motion to stay pending motion to approve settlement in related case). In *Bataan*, the Court considered a request for a stay in light of a pending dispositive motion that would resolve the case in its entirety if granted. 2023 WL 143991, at *1. While the Court held that it was necessary to "assess all of the possible outcomes . . . not just the potential outcome most favorable to the party seeking the stay," the Court held nonetheless that the possibility of terminating the litigation meant this factor weighed in favor of stay: "In the end, the prospect of simplification if a stay is granted is very real. DentalEZ's Motion to Dismiss, if granted, would effectively terminate this litigation. . . . This factor weighs in favor of a stay." *Id.* at *1–2.

Here, the motion to enforce settlement agreement, if granted, would "effectively terminate this litigation" by resolving the parties' dispute as to the only patent in suit. *Id.* at *1–2. Moreover, this Court's Case Management Checklist requires the parties to consider such simplifications in light of dispositive motions early in the case. *See* Judge Christopher J. Burke's Case Management Checklist, at 3. Imposing a stay of the case now—while the Court considers the outstanding motion to enforce settlement agreement—will simplify the scope of the issues by potentially resolving the entire dispute without the need for any discovery. Accordingly, this factor weighs strongly in favor of granting a stay.

### B. Status of Litigation

The early stage of this case also weighs in favor of granting a stay. *See Bataan*, 2023 WL 143991, at *2; *Kaavo*, 2015 WL 1737476, at *3; *see also Hardney*, 2020 U.S. Dist. LEXIS 79877, at *2. In *Kaavo*, the Court granted a stay while the court considered the defendants' motions to dismiss. *Id.* at *2. The Court had already held a case management conference but had not yet entered a scheduling order, nor had discovery begun. *Id.* at *3. The Court held in that case "[w]ith the Court and the parties having invested relatively few resources in the cases since their filing," the status of litigation factor "strongly favor[ed] a stay." *Id.*

Here, the case is at an even earlier stage. As noted above, Defendants recently filed their Answer to the Complaint after having sought an extension to negotiate a settlement agreement. No scheduling order has been issued, there is no trial date set, and there has been no case management conference. Moreover, discovery has not commenced, and neither party has served any discovery requests nor deposition notices in this case. Accordingly, the status of the litigation factor strongly favors granting a stay.

2

### C. Undue Prejudice

The issuance of a stay pending the Court's decision on the motion to enforce settlement agreement would not inflict undue prejudice on Defendants. In fact, Defendants only recently served their Answer, and no discovery has yet taken place. Moreover, there is still plenty of time before the 30-month stay runs in this case (i.e., no earlier than Nov. 26, 2025), and a brief stay will not materially impact the case schedule. And even if there was some delay in resolving the motion, "courts in this District have routinely held that delay does not, by itself, amount to undue prejudice." *Bataan*, 2023 WL 143991, at *3.

While there is no undue prejudice to Defendants, there would be significant prejudice to Plaintiffs. If the stay is not granted, Plaintiffs will be prejudiced by having to expend time and resources to litigate a case that already has been settled. And while Plaintiffs could later seek potential damages for Defendants' breach of the settlement agreement, such damages may not fully compensate Plaintiffs for MSN's failure to comply with the settlement agreement. Furthermore, Plaintiffs are not "seeking an inappropriate tactical advantage." *See Kaavo*, 2015 WL 1737476, at *4 (defendants' early motion to stay did "not suggest inappropriate gamesmanship"). The sole impetus for Plaintiffs' request for a stay is to mitigate the potential waste of time and resources for all parties and the Court.

Finally, judicial economy also weighs in favor of granting a stay. Indeed, Courts in this District have previously put off discovery and the Rule 16 conference until pending dispositive motions have been decided. *See, e.g.*, *In re Seroquel XR*, C.A. No. 1:20-cv-01076-CFC (D. Del.) (entering case schedule (D.I. 200, 214) (Ex. 1) after resolution of dispositive motion (D.I. 177, 178) (Ex. 2)); *Pictometry Int'l Corp. v. Roofr, Inc.*, C.A. No. 1:21-cv-01852-RGA (D. Del.) (no Rule 16 conference was held or scheduling order entered during pendency of dispositive motion (see D.I. 30) (Ex. 3)); *TOT Power Control, S.L. v. Apple Inc.*, 1:21-cv-01302-MN (D. Del.) (same) (see D.I. 8, 43) (Ex. 4); *Robocast, Inc. v. Netflix, Inc.*, C.A. No. 1:22-cv-00305-RGA (D. Del.) (same) (see D.I. 11, 29) (Ex. 5); *Sentient Sensors, LLC v. Xilinx, Inc.*, C.A. No. 1:22-cv-00173-MN (D. Del.) (same) (see D.I. 10, 30) (Ex. 6); *Allergan, Inc. v. Revance Therapeutics, Inc.*, C.A. No. 1:21-cv-01411-RGA-JLH (D. Del.) (same) (see D.I. 22, 45, 54) (Ex. 7); *see also Hardney*, 2020 U.S. Dist. LEXIS 79877, at *2 (granting motion to stay pending motion to approve settlement in related case). Accordingly, this factor also weighs strongly in favor of granting a stay.

\*   \*   \*

As explained above, all factors weigh strongly in favor of granting a stay. Plaintiffs respectfully request that the Court enter an Order staying this patent litigation while Plaintiffs' motion to enforce settlement agreement remains pending and requiring that the parties meet and confer regarding the preservation of evidence during the stay period, including discussing the issue of preserving Plaintiffs' opportunity to test representative samples of Defendants' 25 mg and 50 mg strengths of mirabegron extended-release tablets that are the subject of ANDA No. 218543 prior to their expiration.

| | |
|---|---|
| Dated: November 29, 2023 | MCCARTER & ENGLISH, LLP |
| | |
| | */s/ Daniel M. Silver* |
| | Daniel M. Silver (#4758) |
| | Alexandra M. Joyce (#6423) |
| OF COUNSEL: | Renaissance Centre |
| | 405 N. King Street, 8th Floor |
| Simon D. Roberts | Wilmington, Delaware 19801 |
| Jason A. Leonard | (302) 984-6300 |
| Vincent Li | dsilver@mccarter.com |
| Jayita Guhaniyogi | ajoyce@mccarter.com |
| MCDERMOTT WILL & EMERY | |
| One Vanderbilt Avenue | |
| New York, NY 10017-3852 | *Attorneys for Plaintiffs Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc.* |

4

ME1 46861897v.1